IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RAY LEE ROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12CV1301 |
| | ) |
| STATE OF NORTH CAROLINA, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled as a "Petition under 28 U.S.C. sec. 2255 for Writ of Habeas Corpus by a Person In State Custody . . . .(Request for Time Extension)." It appears that Petitioner seeks to attack his state court criminal conviction. The document he has filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus under 28 U.S.C. § 2254. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

3. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer

having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Reuben Young, who is currently the Secretary of Public Safety, as Respondent.

Because of these pleading failures, this particular Petition would normally be dismissed without prejudice to Petitioner filing a new petition properly following the 28 U.S.C. § 2254 forms and correcting the defects of the present Petition.[1] However, it appears that Petitioner is now near the time limit for filing a § 2254 petition and the Court has no authority to toll the statute of limitation. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). This also means that it cannot grant his request for an extension. The Court will instead file this action, strike the current Petition, and allow Petitioner time to resubmit his petition in a form that complies with this Court's rules. Failure to do so will result in the dismissal of this action without prejudice to Petitioner filing a proper § 2254 petition.

---

[1] Because Petitioner's submission is not being decided on its merits at this point, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2254 forms and instructions for filing a § 2254 petition, which Petitioner should follow. *In forma pauperis* status will be granted for the sole purpose of entering this Order.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that this action be filed, that the current § 2254 petition be stricken, and that this action is stayed for thirty (30) days to allow Petitioner to file a new petition which corrects the defects of the current petition.

**FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL WITHOUT PREJUDICE OF THIS ACTION WITHOUT FURTHER NOTICE TO PETITIONER.**

         /s/ L. Patrick Auld
         **L. Patrick Auld**
         **United States Magistrate Judge**

Date: December 7, 2012

-3-

Case 1:12-cv-01301-LCB-LPA   Document 2   Filed 12/07/12   Page 3 of 3